NUMBER 13-01-533-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

                           EX
PARTE: WILLIAM STEED KELLEY



 



 

                        On appeal from the 156th District Court

                                    of Bee County, Texas.

 



 

                                   O P I N I O N

 

        Before Chief Justice Valdez
and Justices Dorsey and Rodriguez

                                  Opinion by
Justice Dorsey

 








William Steed Kelley appeals pro se from an order
denying habeas corpus relief.  Kelley
allegedly damaged State property while incarcerated at the McConnell Unit of
the Texas Department of Criminal Justice (ATDCJ@).  As a result of this conduct, the TDCJ left
Kelley in Aline class
3"[1]
for one year, placed cell restrictions on him in administrative segregation for
three days,[2]
and assessed a restitution cost of $1,984.97. 
Afterwards Kelley was indicted for criminal mischief, based upon the
same facts which led to his disciplinary sanctions.  Kelley filed a pretrial application for writ
of habeas corpus in which he argued that double jeopardy barred prosecution for
criminal mischief, because TDCJ had already Atried and punished@ him for the
same facts which led to his indictment. 
The trial court denied relief.  We
affirm.  

                                                     I. Analysis

The issue is whether double jeopardy bars the State from
prosecuting Kelley for criminal mischief when TDCJ had previously punished him
administratively for the same conduct leading to the indictment.  Kelley argues that the disciplinary sanctions
were punishment for the criminal mischief he allegedly committed, thereby
barring any further prosecution for that conduct.  We conclude that the disciplinary sanctions
imposed upon him by TDCJ did not constitute punishment under the Fifth
Amendment to the United States Constitution and, therefore, hold that double
jeopardy does not bar the State from prosecuting him for criminal mischief.








The double jeopardy clause embodies three essential
guarantees:  (1) it protects against a
successive prosecution for the "same offense" after acquittal; (2) it
protects against a successive prosecution for the "same offense"
after conviction; and (3) it protects against multiple punishments for the
"same offense."  Illinois v. Vitale, 447 U.S. 410, 415 (1980); Ex parte
Broxton, 888 S.W.2d 23, 25 (Tex. Crim. App. 1994).  A person may also invoke double jeopardy
protection when a civil sanction is so grossly disproportionate to the goal of
the sanction that it supercedes the remedial goal.  See Ex parte Hernandez,
953 S.W.2d 275, 280 (Tex. Crim. App. 1997).

In Ex parte Hernandez, the court of criminal appeals
established the guidelines for determining whether inmate sanctions constitute
punishment for double jeopardy purposes. 
In that case Hernandez allegedly assaulted two corrections officials
while incarcerated at the Bexar County Adult Detention Center (the ACenter@).  After the assaults,
and prior to Hernandez being indicted for these crimes, Center officials
sanctioned him for this conduct by imposing fifteen days disciplinary detention
upon him and, within that period, restricted him from the commissary,
newspapers, visits, phones, and programs. 
At a pre‑trial hearing Hernandez argued that he had already been
punished by the sanctions and that under the Fifth and Fourteenth Amendments to
the United States Constitution and Article 1, Section 14 of the Texas
Constitution, the imposition of the disciplinary sanctions barred the State
from prosecuting him for the assaults. 
The trial court overruled his special pleas of double jeopardy and his
applications for writ of habeas corpus seeking relief from double jeopardy.  The court of criminal appeals stated that the
disciplinary sanctions did not constitute punishment under the Fifth Amendment
and, therefore, the fifteen-day disciplinary detention did not bar the State
from later prosecuting him for the assaults. 
Ex Parte Hernandez, 953 S.W.2d at 279.  In its analysis the Hernandez court
said:








[T]his Court
should look to whether the disciplinary sanctions were created with an intent
to be punitive (and not, as appellant [Hernandez] would have it, whether they
were imposed in a punitive manner) or were they created with an intent to
achieve a remedial goal.  If the latter
is true, then this Court should determine whether the disciplinary sanctions
imposed upon appellant were so disproportionately punitive that they superceded
the remedial goal of those sanctions.

 

Id.  The Hernandez court noted that the
statutes which established and maintain the Texas Department of Criminal
Justice, Institutional Division support the conclusion that institutional
disciplinary sanctions are meant to ensure an orderly and safe environment
within a prison or detention center.  Id. at 281. 
For example, Section 499.102(a) of the Texas Government Code directs the
staff of the Institutional Division to make determinations and recommendations
to increase the capacity of the division so long as the division still provides
for "(9) a fair disciplinary system that ensures due process and is
adequate to ensure safety and order in the unit."  Tex.
Gov=t Code Ann. ' 499.102(a)(9) (Vernon 1998). 
Section 494.002(a) specifies the duties of the Director of Institutional
Division.  Within those duties is the
responsibility of the Director to establish policies which govern the Adiscipline of
inmates and may arrange for the separation and classification of inmates
according to the inmates' . . . corrigibility. . . .@  Tex.
Gov=t Code Ann. ' 494.002(a)
(Vernon 1998).








The Hernandez court concluded that the disciplinary
sanctions imposed upon Hernandez served the remedial goals of maintaining order
and discipline within the jail population in order to ensure a safe environment
for inmates, prison staff and correctional officers.  Ex parte Hernandez, 953 S.W.2d at
282.  Having established the remedial
goals of the disciplinary sanctions the Hernandez court decided whether
the sanctions Awere
disproportionate to those remedial goals.@  Id. 
In making this determination the court stated:

[T]he sanctions
imposed upon appellant . . . were not so grossly unrelated to the County's remedial
interests at stake in the environment of the Detention Center that they could
only be viewed as criminal punishment. 
This Court notes appellant was already confined in administrative
segregation when he was brought before the Administrative Hearing Board.  Their additional assessment of fifteen days
disciplinary detention was not disproportionate to the Bexar County Adult
Detention Center's remedial goals of maintaining order and discipline.  This Court concludes appellant's Fifth
Amendment double jeopardy protections were not violated by the sanctions
imposed upon him.

 

To rule otherwise in this case would place prison and jail
staffs in the position of having to choose between immediate disciplinary
sanctions and pursuing criminal prosecutions. 
This could very well have a destructive effect upon the ability of the
staffs of the State's jails and prisons to maintain discipline within their
respective inmate populations.

 

Id. at 285.

We conclude that the sanctions meted out to KelleyBleaving him in Aline class
3" for one year, placing cell restrictions on him in administrative
segregation for three days, and assessing a restitution cost of $1,984.97Bare not so
grossly unrelated to the remedial goals of maintaining order and discipline,
and deterring damage to prison property, that they constitute punishment.  The sanctions imposed on Kelley were
rationally related to the legitimate remedial purpose of allowing the prison
officials to maintain order and discipline. 
Accordingly we hold that the sanctions do not trigger double jeopardy
protection under the United States Constitution.  See Ex parte Hernandez,
953 S.W.2d at 285.








In his appellate brief Kelley requests this Court to consider
appointment of appellate counsel to further brief and argue the merits of this
appeal, citing Hudson v. United States, 522 U.S. 93 (1997).  Hudson, however, does not apply to
cases involving prison disciplinary sanctions. 
Rogers v. State, 44 S.W.3d 244, 247 (Tex. App.BWaco 2001, no
pet.).  It is well‑established that
sanctions assessed by a prison do not preclude the State from prosecuting a
prisoner for the same conduct.  Id.  The issue in this case is not complicated,
and the appellate briefs are sufficient to assist this Court in resolving the
issue.  We deny the motion.

We AFFIRM the order denying relief.

 

 

 

______________________________

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 10th day of October,
2002.

 











[1]According
to appellant this is the lowest possible time-earning class.





[2]Appellant
asserts that this is the same as solitary confinement.